UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KAREEM O. CARTER, )<br>       Plaintiff, )<br>)<br>   v. )<br>)<br>MIAMI CORRECTIONAL FACILITY, *et al.*, )<br>       Defendants. ) | CAUSE NO.: 3:24-CV-289-JVB-APR |

## OPINION AND ORDER

Kareem O. Carter, a prisoner without a lawyer, filed a complaint containing unrelated claims. (ECF 1). As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009). Because Carter is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Carter is suing the Miami Correctional Facility and several of its officials for monetary damages. He claims Captain Morgan violated his rights when he maced Carter for asking a question. He claims his rights were violated because he didn't get enough recreation time. He complains about the shakedowns and searches of his cell. He also complains about being confined inside his cell during lockdowns for violations he didn't personally commit.

As an initial matter, he can't sue the Miami Correctional Facility for monetary damages. This building is an arm or entity of Indiana Department of Correction. As such, it is not a proper defendant because a state agency is not a "person" that can be sued for constitutional violations under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64–66, 70–71 (1989); *see also de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019) (any claim for damages against the IDOC would be barred by the Eleventh Amendment).

Carter has also sued Warden English, but he isn't mentioned in the body of the complaint, and supervisor liability is insufficient to state a claim. *See e.g., Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) and *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (both noting that liability under 42 U.S.C. § 1983 is based on personal responsibility and that prison officials cannot be held liable for damages solely because they hold supervisory positions). Similarly, he has named Sgt. Jane Doe and Lt. Jane Doe as defendants, but he hasn't outlined any actions they took or described them in any way. *See Burks*, 555 F.3d at 596 ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's.").

More generally overall, Carter's complaint is short on facts, dates, and specifics. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be

2

redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Carter's complaint does not pass this threshold.

Finally, Carter may not sue different defendants based on unrelated events. "Unrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); s*ee also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). Claims are related either if the same defendant is involved in each claim or if the claims all stem from the same transaction or occurrence and there is a common question of law or fact. *See* Fed. R. Civ. P. 18(a), 20(a)(2). The events described by Carter are not legally related just because they all occurred at the Miami Correctional Facility.

When a plaintiff files a complaint with unrelated or mis-joined claims, the court may allow the plaintiff to decide which properly joined and related claims to pursue in the current case and when (or if) to bring the other claims in separate suits. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (District courts may direct a plaintiff "to file separate complaints, each confined to one group of injuries and defendants.").

Carter needs to decide which claim or set of related claims he wishes to bring in this case. To do so, he must put this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available in his prison law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint." In the amended complaint, he should explain in his own words what happened, when it happened, where it happened, which specific defendants were involved, and how he was personally injured. If he wants to pursue any other claims, he must file a separate complaint(s), which will be assigned a new case number, for each unrelated group of claims. He should note that each new complaint filed will incur a separate filing fee.

For these reasons, the court:

(1) **GRANTS** Kareem O. Carter until **May 15, 2024**, to file an amended complaint that contains only related claims as described above; and

(2) **CAUTIONS** Kareem O. Carter if he does not respond by the deadline, or if he files an amended complaint with unrelated claims, the court may select one group of related claims and dismiss the others without prejudice.

SO ORDERED on April 15, 2024.

                                                  s/ Joseph S. Van Bokkelen
                                                  JOSEPH S. VAN BOKKELEN, JUDGE
                                                  UNITED STATES DISTRICT COURT