**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| KAREEM O. CARTER,<br>　　　　　Plaintiff, | )<br>)<br>) |
| v. | )　CAUSE NO.: 3:24-CV-289-JVB-APR<br>) |
| MIAMI CORRECTIONAL FACILITY, *et al.*,<br>　　　　　Defendants. | )<br>) |

<u>**OPINION AND ORDER**</u>

Kareem O. Carter, a prisoner without a lawyer, filed an amended complaint after the Court screened his initial complaint and determined it did not state any claims. *See* ECF 3. Under 28 U.S.C. § 1915A, the Court must screen the amended complaint (ECF 6) and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Carter claims he was subjected to excessive force at the Miami Correctional Facility in the fall of 2023. Specifically, he claims a "signal" was called on his unit because another offender was bleeding from his face and yelling for help. (ECF 6 at 2). Several guards responded and determined the incident was "isolated." *Id*. Captain Morgan then arrived and told the other officers to put the dorm on lockdown. Carter was "shocked," so he approached Captain Morgan to ask him why they

were locking down the dorm for an isolated incident. Captain Morgan did not respond, and instead pulled out his mace. Carter began to back up towards his cell with his hands in the air, and he repeated his question. Without warning, Captain Morgan sprayed him directly in his left eye with the mace. Carter has sued Captain Morgan for monetary damages.

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal quotation marks and citation omitted). Deference is given to prison officials when the use of force involves security measures taken to quell a disturbance because "significant risks to the safety of inmates and prison staff" can be involved. *McCottrell*, 933 F.3d at 663 (quoting *Whitley v. Albers*, 475 U.S. 312, 320 (1986)). Jails are dangerous places, and security officials are tasked with the difficult job of preserving order and discipline among inmates. *Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009). It is important that prisoners follow orders given by guards. *Id*. at 476-77 (citing *Soto v. Dickey*, 744 F.2d 1260, 1267 (7th Cir. 1984)). To compel compliance—especially in situations where officers or other inmates are faced with threats, disruption, or aggression—the use of summary physical force is often warranted. *Id*. at 477 (citing *Hickey v. Reeder*, 12 F.3d 754, 759 (8th Cir. 1993)). That is not to say, however, that such justification exists "every time an inmate is slow to comply with an order." *Lewis*, 581 F.3d at 477. Several factors are explored when determining whether an officer's use of force was malicious or legitimate, including the need for applying the force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the prisoner's injury. *Hendrickson*, 589 F.3d at 890.

2

Here, Carter alleges Captain Morgan sprayed him directly in the eye with mace as he was attempting to comply with the order to return to his cell. Although further investigation may reveal the force used was legitimate under the circumstances, at this preliminary stage—and giving Carter the benefit of the inference to which he is entitled—he has stated a plausible Eighth Amendment excessive force claim against Captain Morgan.

Carter has also sued Warden English for monetary damages, but he isn't mentioned in connection with the incident, and supervisor liability is insufficient to state a claim. *See e.g., Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) and *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (both noting that liability under 42 U.S.C. § 1983 is based on personal responsibility and that prison officials cannot be held liable for damages solely because they hold supervisory positions). Additionally, in a separate paragraph, Carter alleges Warden English has placed inmates on lockdown in the past for "isolated fights" and that he doesn't provide the inmates with day-to-day recreation. (ECF 6 at 3). Instead, inmates are given "out of cell time" every other day and "outside recreation" twice a week. *Id*. Carter complains that his recreation time has been taken away in the past when other dorms were "coming to the fence." *Id*.

Even if these allegations can be construed as being related to the excessive force incident— a determination the Court does not reach[1]—they do not state any plausible claims. "Although the Constitution does not mandate comfortable prisons, it does mandate humane ones." *Thomas v. Blackard*, 2 F.4th 716, 719 (7th Cir. 2021) (internal quotation marks and citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry.

---

[1] Carter was previously advised he may not sue different defendants based on unrelated events. *See* (ECF 3 at 3). "Unrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). Claims are related either if the same defendant is involved in each claim or if the claims all stem from the same transaction or occurrence and there is a common question of law or fact. *See* Fed. R. Civ. P. 18(a), 20(a)(2). Carter was advised to file his amended complaint with only related claims, and if he did not, the Court could "select one group of related claims and dismiss the others without prejudice." ECF 3 at 4.

*Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (internal quotation marks and citation omitted). The Eighth Amendment requires inmates to be provided with "humane conditions of confinement" and "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Thomas*, 2 F.4th at 719 (quoting *Farmer*, 511 U.S. at 832). They must also be provided with "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (quoting *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016)). On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834. To satisfy this standard, "the official must have actually known of and consciously disregarded a substantial risk of harm." *Rasho v. Jeffreys*, 22 F.4th 703, 710 (7th Cir. 2022).

As noted above, Carter alleges he was denied daily recreation, but he doesn't provide details about when or for how long. He admits he has generally been given "out of cell time" every other day and "outside recreation" twice a week. Even viewed as a whole, these vague allegations do not plausibly demonstrate the conditions were sufficiently serious to deny him life's necessities. *See e.g., Johnson v. Prentice*, 29 F.4th 895, 904 (7th Cir. 2022) ("90-day period of no yard privileges as a sanction for misconduct does not inflict cruel and unusual punishment on an inmate in segregation") (citation omitted); *Smith v. Erickson*, 684 Fed. Appx. 576, 578-79 (7th Cir. 2017) (collecting cases and recognizing the distinction between the denial of "recreation," which did not state a plausible constitutional violation, versus the denial of exercise in its entirely, which could); *Smith v. Dart*, 803 F.3d 304, 313 (7th Cir. 2015) (noting "there is a significant difference between a lack of outdoor recreation and an inability to exercise" while affirming dismissal of plaintiff's

claim because he "not allege that his movements [were] restricted to the point that he is unable to exercise inside his cell"); *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law.") (emphasis in original).

For these reasons, the Court:

(1) **GRANTS** Kareem O. Carter leave to proceed against Captain Morgan in his individual capacity for compensatory and punitive damages for subjecting him to excessive force on one occasion at the Miami Correctional Facility during the fall of 2023 in violation of the Eighth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Warden English;

(4) **DIRECTS** the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Captain Morgan at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 6);

(5) **ORDERS** the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Captain Morgan to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 16, 2024.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT