UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KAREEM O. CARTER,

    Plaintiff,

    v.     CAUSE NO.: 3:24-CV-289-TLS-APR

CAPTAIN MORGAN,

    Defendant.

**OPINION AND ORDER**

Plaintiff Kareem O. Carter, a prisoner without a lawyer, is proceeding in this case "against Captain Morgan in his individual capacity for compensatory and punitive damages for subjecting him to excessive force on one occasion at the Miami Correctional Facility during the fall of 2023 in violation of the Eighth Amendment[.]" ECF No. 7 at 5. This matter is before the Court on Defendant Captain Morgan's Motion for Summary Judgment [ECF No. 15], filed on August 30, 2024, arguing that the Plaintiff did not exhaust his available administrative remedies before filing this lawsuit. With the motion, the Defendant provided the Plaintiff with the notice required by N.D. Ind. L.R. 56-1(a)(4). *See* ECF No. 18. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1. *See id.*

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within twenty-eight days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. *See* N.D. Ind. L.R. 56-1(b). This deadline passed over six months ago, but the Plaintiff has not responded. Therefore, the Court will now rule on the Defendant's Motion for Summary Judgment.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the Court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence []he contends will prove [his] case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

In this case, the Defendant provides an affidavit from the Grievance Specialist at Miami Correctional Facility (MCF) and the Plaintiff's grievance records, which show the following facts: during all relevant times, an Offender Grievance Process was in place at MCF. ECF No.

2

15-1 at 2.[1] The Offender Grievance Process requires inmates to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.* at 3. On December 7, 2023, the Grievance Specialist received Grievance 170765 from the Plaintiff, complaining of an incident involving the Defendant. *Id.* at 7; ECF No. 15-5 at 3. The grievance did not list a "Date" or a "Date of Incident." *Id.* On February 13, 2024, the Grievance Specialist returned Grievance 170765 to the Plaintiff. ECF No. 15-1 at 7; ECF No. 15-5 at 2. On the "Return of Grievance" form, the Grievance Specialist informed the Plaintiff that the grievance was being returned because it did not include a "Date" or a "Date of Incident," which prevented the Grievance Specialist from properly investigating the grievance. *Id.*; *see* ECF No. 15-2 at 9 (to properly submit a grievance, "Each part of the form shall be completed"). The "Return of Grievance" form informed the Plaintiff that he had five business days to correct and resubmit the grievance. ECF No. 15-5 at 2. However, the Plaintiff never corrected and resubmitted Grievance 170765, which was a necessary step to exhaust the grievance. ECF No. 15-1 at 7–8; ECF No. 15-2 at 10 (if the Grievance Specialist rejects a grievance, "It shall be the responsibility of the offender to make the necessary revisions to the grievance form and to return the revised form to the Offender Grievance Specialist within five (5) business days from the date that it is returned to the offender.").

      Here, the undisputed facts show that the Plaintiff did not exhaust his available administrative remedies before filing this lawsuit. Specifically, its undisputed that the Plaintiff complained of the Defendant's alleged conduct in Grievance 170765, the grievance office

---

[1] Because the Plaintiff has not responded to the Defendant's summary judgment motion, the Court accepts the Grievance Specialist's attestations and the contents of the Plaintiff's grievance records as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

properly rejected Grievance 170765 because the Plaintiff did not properly fill out the grievance form, and the Plaintiff never corrected and resubmitted Grievance 170765 to remedy its deficiencies. The Plaintiff does not argue or provide any evidence that he submitted any other relevant grievance or that his administrative remedies were in any way unavailable. Therefore, because the Defendant has met his burden to show that the Plaintiff did not exhaust his available administrative remedies before filing this lawsuit, summary judgment is warranted in the Defendant's favor.

For these reasons, the Court hereby:

(1) GRANTS Defendant Captain Morgan's motion for summary judgment [ECF No. 15]; and

(2) DIRECTS the Clerk of Court to enter judgment in favor of Defendant Captain Morgan and against Plaintiff Kareem O. Carter and to close this case. The Plaintiff takes nothing by his Amended Complaint.

SO ORDERED on April 23, 2025.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT